UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CIVIL SERVICE EMPLOYEES ASSOCIATION, INC.,
LOCAL 1000, AFSCME, AFL-CIO; HATTI LANGSFORD;
AND KRYSTAL BULLOCK

                                *Plaintiffs*,

-against-

NEW YORK STATE DEPARTMENT OF PARKS,
RECREATION AND HISTORIC PRESERVATION,

                                *Defendant*.

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

08-CV-0440

Hon. Glenn T. Suddaby

---

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for plaintiffs and Defendant New York State Office of Parks, Recreation and Historic Preservation, parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

      1.      The parties acknowledge that the claims of the Civil Service Employees Association, Inc., have been previously dismissed on the merits and that no appeal will be taken from that determination.

2. The plaintiffs discontinue this action and agree to execute, simultaneously, a stipulation of discontinuance in the action <u>Langsford and Bullock v. New York State Office of Parks, Recreation and Historic Preservation</u>, Albany County Index No. 9597-08 pursuant to CPLR 3217(a)(2), with prejudice and without damages, costs, interest or attorneys fees, and discharge and release Defendant New York State Office of Parks, Recreation and Historic Preservation and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agree to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

3. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

4. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

5. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

6.  Following the execution of this stipulation, and its being so ordered by the Court, Defendant New York State Office of Parks, Recreation and Historic Preservation shall pay to plaintiffs and their attorney the sum of $56,500 in full settlement of any and all claims. Payment by Defendant New York State Office of Parks, Recreation and Historic Preservation of this amount shall be made in two checks. The first check will be payable to Plaintiff Hatti Langsford in the amount of $46,500. The second check will be payable to Plaintiff Krystal Bullock in the amount of $10,000. These amounts include all sums to which plaintiffs and their counsel are entitled, including but not limited to damages, costs, and attorney=s fees. Both checks will be mailed to plaintiffs' attorney Miguel G. Ortiz, Esq., at Civil Service Employees Association, Inc., Box 7125, Capitol Station, 143 Washington Avenue, Albany, NY 12224. These payments are not intended by the parties to be compensation for back wages.

7.  Payment by Defendant New York State Office of Parks, Recreation and Historic Preservation of the amount specified in paragraph 6 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

8.  Payment of the amounts referenced in paragraph 6 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court and receipt by Defendant New York State Office of Parks, Recreation and Historic Preservation counsel of a copy of the so-ordered stipulation in this action and receipt of the parties' original stipulation of discontinuance in the state court proceeding.

9. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120 day period set forth in paragraph 8, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the one hundred and twenty-first day after court approval.

10. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
       January 31, 2011

NANCY E. HOFFMAN, ESQ.

_____
Miguel G. Ortiz, Esq., of Counsel
Civil Service Employees Association, Inc.
Box 7125, Capitol Station
143 Washington Avenue
Albany, NY 12224

_____
Hatti Langsford

Dated: Albany, New York
       January 31, 2011

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant NYS Office of Parks, Recreation and Historic Preservation
The Capitol
Albany, New York 12224-0341

By: s/ James B. McGowan
James B. McGowan
Assistant Attorney General, of Counsel
Bar Roll No. 507606
Telephone: (518) 473-6522
Email: James.McGowan@ag.ny.gov

Dated: Syracuse, NY ~~Albany, New York~~
       February 4, 2011

SO ORDERED:

_____
HON. GLENN T. SUDDABY
UNITED STATES DISTRICT COURT

9. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120 day period set forth in paragraph 8, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the one hundred and twenty-first day after court approval.

10. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
       January 31, 2011

NANCY E. HOFFMAN, ESQ.

_____
Miguel G. Ortiz, Esq., of Counsel
Civil Service Employees Association, Inc.
Box 7125, Capitol Station
143 Washington Avenue
Albany, NY  12224

_____
Krystal Bullock

Dated: Albany, New York
       January 31, 2011

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant NYS Office of Parks,
    Recreation and Historic Preservation
The Capitol
Albany, New York  12224-0341

By: *s/ James B. McGowan*
James B. McGowan
Assistant Attorney General, of Counsel
Bar Roll No. 507606
Telephone: (518) 473-6522
Email: James.McGowan@ag.ny.gov

Dated: Syracuse, NY ~~Albany, New York~~
       February 4, 2011

SO ORDERED:

_____
HON. GLENN T. SUDDABY
UNITED STATES DISTRICT COURT

4